UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH GAIL PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-643-G |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Now before the Court is the Report and Recommendation (Doc. No. 17) of United States Magistrate Judge Suzanne Mitchell, recommending affirmance of the Commissioner's decision to deny Plaintiff Deborah Gail Page's application for disability insurance benefits. Plaintiff has submitted an Objection (Doc. No. 19) to the Report and Recommendation ("R. & R."). Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("SSA"), did not respond to Plaintiff's Objection.

*I.     Applicable Standards*

The Court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (internal quotation marks omitted). Further, in reviewing the Commissioner's decision, the Court must not reweigh the evidence or substitute its judgment for that of the agency. *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

  II. *The ALJ's Decision and the Report and Recommendation*

The R. & R. accurately summarizes the factual and procedural background of this case. Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act. *See* Compl. (Doc. No. 1) at 1; *see also* 42 U.S.C. § 423.

On December 20, 2022, guided by the five-step sequential evaluation process required by 20 C.F.R. § 404.1520, the agency administrative law judge ("ALJ") found:

1. Plaintiff had not engaged in substantial gainful activity since March 21, 2020, the alleged disability onset date;

2. Plaintiff had the severe impairments of: morbid obesity; degenerative disc disease status post-surgical repair; hypertension; and obstructive sleep apnea;

3. Plaintiff's impairments or combination of impairments did not meet or medically equal one of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. Plaintiff retained the residual functional capacity ("RFC") to "perform light work" as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff "can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] requires a sit/stand option every three hours for five minutes. [Plaintiff] can have no exposure to unprotected heights."

5. Plaintiff was capable of performing her past relevant work as a bank teller and a

receptionist.

R. (Doc. Nos. 6, 6-1, -2, -3, -4, -5, -6, -7, -8) at 13-21.  Based upon the above, the ALJ determined that Plaintiff was "not disabled" under 20 C.F.R. § 404.1520(f) from March 21, 2020, through the date of the decision.  R. at 21.

Plaintiff's request for review by the SSA Appeals Counsel was denied, and the unfavorable disposition of the ALJ stands as the Commissioner's final decision.  *See* R. at 1-6; 20 C.F.R. § 404.981.

Plaintiff sought review in this Court, alleging that: (1) the ALJ erred in considering Plaintiff's mental impairments; and (2) the ALJ failed to properly consider two medical-source opinions.  *See* Pl.'s Opening Br. (Doc. No. 10) at 11-15.  The magistrate judge rejected the merits of both arguments.  *See* R. & R. at 6-15.

### III. *Plaintiff's Objection*

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted this de novo review, the Court finds as follows.

#### A. *The ALJ's Consideration of Plaintiff's Mental Impairments*

At step two, the ALJ found that Plaintiff's anxiety and depression, "considered singly and in combination," "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental activities" and were therefore nonsevere.  R. at 14.  The ALJ explained that in making this finding, he had considered the "paragraph B" criteria of the adult mental disorders listings.  *See id.*; 20 C.F.R. § 404.1520a.  The ALJ found that

Plaintiff had "no limitation" in: (i) understanding, remembering, or applying information; (ii) interacting with others; (iii) concentrating, persisting, or maintaining pace; or (iv) adapting or managing oneself. R. at 14. In support, the ALJ noted that the record did not show an abnormal mental status examination, that Plaintiff testified that she drives, and that Plaintiff had "not required consistent mental health treatment during the relevant period." *Id.*

Pursuant to governing authority, the ALJ must "consider all of [a claimant's] medically determinable impairments," including those "that are not 'severe,'" in assessing the claimant's RFC. 20 C.F.R. § 404.1545(a)(2). It follows that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells v. Colvin*, 727 F.3d 1061, 1068-69 (10th Cir. 2013).

Plaintiff first objects that the ALJ so erred by failing to consider Plaintiff's nonsevere mental impairments is assessing Plaintiff's RFC and that this error carried through to the following steps of the analysis. *See* Pl.'s Obj. at 2-4 ("[T]he ALJ cannot ignore physical or mental impairments that he finds to be nonsevere when he gets to steps four and five of the sequential evaluation process.").

As an initial matter, in the RFC determination the ALJ specifically noted that Plaintiff alleged that she suffered from "symptoms such as . . . depression . . . and anxiety" and that such symptoms were aggravated by movement. R. at 16. The ALJ found, however, that Plaintiff's statements regarding "the intensity, persistence and limiting effects of [the alleged symptoms] are not entirely consistent with the medical evidence and

4

other evidence in the record." *Id.* Plaintiff does not challenge this credibility determination. Further, the ALJ's detailed finding that Plaintiff's mental impairments resulted in "no limitation" in various functional areas "obviate[d] the need for further analysis" of those mental impairments. *Wells*, 727 F.3d at 1065 n.3; *see, e.g.*, *Welton v. Berryhill*, No. 17-cv-001193, 2018 WL 1940591, at *9-10 (D. Colo. Apr. 25, 2018).

The undersigned therefore overrules this objection.

### B. *The ALJ's Consideration of Medical-Source Opinions*

Next, Plaintiff objects that the ALJ failed to properly consider the opinions of Dr. John Anigbogu, the medical expert who testified at Plaintiff's administrative hearing, and of Dr. Wade McCoy, Plaintiff's treating physician. *See* Pl.'s Obj. at 4-5. Specifically, Plaintiff states that Dr. Anigbogu "admitted that [Plaintiff] needed a cane for balance" and that Dr. McCoy examined Plaintiff and provided detailed reports. *Id.*

Plaintiff's vague objection fails to explain how these physicians' testimony or reports undermine the ALJ's determination. *See id.* ("The ALJ used damage control but this bell cannot be unrung."). A reviewing court "may neither reweigh the evidence nor substitute [its] judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Moreover, while Dr. Anigbogu testified that if Plaintiff "really ha[d] ataxia," she would probably need a cane for balance, he also testified that he did not see any support in the records, given Plaintiff's normal exams, for need of a cane. R. 49. The ALJ addressed both physicians' opinions in detail and considered their consistency and supportability in light of the remainder of the record. The undersigned discerns no

error in the ALJ's conclusions and does not find a lack of substantial evidence for the related factual findings.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. No. 17) is ADOPTED in its entirety. The decision of the Commissioner of Social Security is AFFIRMED.

A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of May, 2024.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge